UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOUSING AUTHORITY OF THE CITY OF BAYONNE : : : Plaintiff, : : v. : : ADIB HANNA and AWATIF HANNA : : Defendant. : | Civil Action No. 08-5988(FSH) **OPINION** |

This matter having come before the Court in response to the Order to Show Cause dated April 15, 2009, directing the parties to submit letters setting forth their positions as to why this case should not be remanded to the New Jersey Superior Court for lack of subject matter jurisdiction;

and the Court having the authority to raise issues regarding subject matter jurisdiction sua sponte, B&P Holdings I, LLC v. Grand Sasso, Inc., 114 Fed. Appx. 461, 465 (3d Cir. 2004)(citing Kontrick v. Ryan, 540 U.S. 443 (2004));

and the parties having consented to the Magistrate Judge jurisdiction, see Docket Entry No. 19;

and the Court having considered the parties' submissions and the governing law;[1]

---

[1] The defendant argues that the case should not be remanded because: (1) the New Jersey Statute dealing with eviction permits the plaintiff to commence eviction proceedings only if the breach of the agreement giving rise to the eviction "conforms to federal regulations" and thus raises a federal question, (2) the cases the Court cites in the Order to Show Cause are inapposite to the facts in the instant case, and (3) the case involves federal law because the plaintiff alleges that (a) defendants owed a duty under HUD requirements that the defendants breached, (b) defendants obtained federal housing assistance in violation of federal and state law, and (c) the plaintiff seeks the return of a federal subsidy pursuant to federal law.

1

and the plaintiff having commenced this action in the New Jersey Superior Court, Hudson County, Special Civil Part, asserting claims for eviction under N.J.S.A. 2A:18-61, Breach of Contract, Negligent Misrepresentation, Intentional/Fraudulent Misrepresentation, Fraud, and Unjust Enrichment, and seeking possession of the apartment and compensatory damages for the subsidy plaintiff provided and the unpaid rent as well as punitive damages, attorney's fees, and costs, Compl. at 13-14; Compl. at ¶¶ 54, 62, 65, 68, 71, 75; Notice of Removal at ¶ 4;

and the defendants having removed this case to this Court based upon 28 U.S.C. § 1441(a) and asserting plaintiff's claims arise under federal law, see Notice of Removal at ¶ 4;

and 28 U.S.C. § 1441(a), which governs removal jurisdiction, providing in relevant part:

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a);

and where, as here, the parties are not diverse, removal being appropriate only if the case falls within the district court's original "federal question" jurisdiction, namely one "arising under the Constitution, laws, or treaties of the United States," U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2001) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 7-8 (1983)); see also 28 U.S.C. §§ 1331, 1441(b);

and "[t]he presence or absence of federal-question jurisdiction [being] governed by the

---

The plaintiff takes no position on whether or not the action should be remanded. See Docket Entry No. 18.

2

'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded *complaint*," Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)(emphasis added); see also Krashna v. Oliver Realty, Inc., 895 F.2d 111, 113 (3d Cir. 1990);

and the burden of establishing removal jurisdiction resting with the defendants, Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 359 (3d Cir. 1995) (citing Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir.1985)); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990);

and the removal statutes being "strictly construed against removal and all doubts should be resolved in favor of remand," Boyer, 913 F.2d at 111 (citing Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987);

and it appearing that the relief the plaintiff seeks is the eviction of the defendant and possession of the premises pursuant to the New Jersey Anti-Eviction Act, N.J.S.A. 2A:18-61.1, see Compl. at ¶ 54 and recouping the monetary benefits defendants received from plaintiff;

and the New Jersey Anti-Eviction Act stating, in relevant part, that

> [i]n public housing under the control of a public housing authority or redevelopment agency, the person has substantially violated or breached any of the covenants or agreements contained in the lease for the premises pertaining to illegal uses of controlled dangerous substances, or other illegal activities, whether or not a right of reentry is reserved to the landlord in the lease for a violation of such covenant or agreement, provided that such covenant or agreement conforms to federal guidelines regarding such lease provisions and was contained in the lease at the beginning of the lease term.

N.J.S.A. 2A:18-61.1(2);

and the federal courts not having "subject matter jurisdiction over state eviction actions or

other landlord-tenant matters," <u>Senior v. University Towers Associates,</u> Civ. No. 08-387, 2008 WL 649713, *3 (E.D.N.Y. March 10, 2008)(reasoning that "all of plaintiff's claims arise out of an eviction action, the resulting physical eviction from the apartment, and her attempts to regain possession. Federal courts do not have subject matter jurisdiction over state eviction actions or other landlord-tenant matters."); <u>United Mut. Houses, L.P. v. Andujar</u>, 230 F. Supp. 2d 349, 352-53 (S.D.N.Y. 2002)(reasoning that "[s]imply including a federal issue in a state cause of action . . . does not in itself warrant federal question jurisdiction. There must be a substantial federal question at issue, as opposed to a minor or technical addition to a state claim" and "[b]ecause the Lease made violation of the occupancy and notification rules grounds for termination, United Mutual did not-and in fact had no basis to-rely on federal law in bringing its suit.")(internal citations and quotations omitted)); <u>Evans v. Sentry Property Management Corp.</u>, 852 F.Supp. 71, 72 (D.Mass.1994)(remanding the case because the Complaint was based solely on alleged violations of state landlord/tenant law, did not establish that federal law created the cause of actions, plaintiff's rights were not dependent upon the resolution of federal law, and the presence of federal funding did not create federal question jurisdiction.)[2];

and subject matter jurisdiction being absent here because: (1) the Amended Complaint is based solely on state statutory and common law, (2) plaintiff did not rely on federal law in bringing this suit, (3) none of plaintiff's rights are dependent on a resolution of federal law, (4) defendants' alleged conduct caused a direct loss to the plaintiff because it deprived plaintiff of funds it could have used for eligible tenants, and (5) plaintiff's effort to collect money from

---

[2] The fact that the landlord in these cases are private entities does not mean the reasoning of the cases are not applicable to situations in which the landlord is a local government entity. The focus is the nature of the causes of action.

defendants that the federal government provided does not convert the eviction proceeding into one which presents a federal question, Evans, 852 F.Supp. at 72-73( stating that "[i]t would be a dangerous precedent to hold that federal funding alone can transform that which is strictly a state cause of action into a federal case, for the consequence would be that federal courts would then become inundated by the minutiae of state litigation.") and (7) this landlord tenant dispute "is fundamentally a matter of state law," United Mutual Houses, L.P., 230 F. Supp. 2d at 354 (citing cases from the Southern and Eastern Districts of New York);[3]

and the defendants having failed to present legal authority establishing that an eviction proceeding under state law implicates a federal question simply because federal funding or

---

[3] Here, the pleadings do not provide a basis for subject matter jurisdiction. First, the pleading shows that the primary remedy plaintiff seeks, eviction of the defendant and possession of the premises, is exclusively premised on New Jersey State Law, specifically the New Jersey Anti-Eviction Act, N.J.S.A. 2A:18-61.1. See Compl. at ¶ 54. Indeed, the defendant concedes that the relief the plaintiff seeks is premised on the New Jersey Anti-Eviction Act, N.J.S.A. 2A:18-61.1. Deft. Letter Dated March 9, 2009. Second, all of plaintiff's other claims are premised on state common law. More specifically, the plaintiffs remaining claims are for Breach of Contract, Compl. at ¶ 62, Negligent Misrepresentation, id. at ¶ 65, Intentional/Fraudulent Misrepresentation, id. at 68, Fraud, id. at ¶ 71, and Unjust Enrichment. Id. at ¶ 76. Third, the fact that the plaintiff receives and disburses federal funding does not, in itself, make the dispute one that presents a federal question. The landlord received federal funds and is thereby able to rent property at reduced rates to financially eligible people. To receive this benefit, the perspective tenants must make accurate disclosures and the failure to do so leads to eviction under state law. When the landlord provides the benefit to an ineligible tenant, the landlord loses the money. Hence, it is an injured entity and the state has an interest ensuring compensation. Fourth, although the New Jersey Anti-Eviction Act requires that any conditions in the lease be in accordance with "federal guidelines," such a requirement alone does not automatically create a federal question when a dispute arises between a landlord and a tenant. Cf. Applied Housing Management v. Robles, Civ. No. 05-73, Transcript dated March 28, 2005 at 4, 7, 10 (stating that (1) the fact an entity is governed by federal regulation does not make the state law claim a federal claim; (2) while regulations may permit eviction, the state law governs evictions; and (3) if a claim is not based on the federal regulation, the possible reference to federal law even as part of a defense does not convert the state law claim into a federal question).

reference to federal regulations in the lease is involved[4];

and it appearing therefore that the defendants have improperly removed this case to federal court because the Court does not have subject jurisdiction over this dispute;

---

[4]Most of the cases the defendants cite involve tenants claiming that their evictions were unconstitutional. See, e.g., Dept. of H.U.D. v. Rucker, 535 U.S. 125 (2002) (tenant brought a claim against the landlord for alleged violation of tenant's due process rights); Greene v. Lindsey, 456 U.S. 444 (1982) (tenant brought a claim against the landlord for alleged violation of tenant's due process rights); Lindsey v. Normet, 405 U.S. 56 (1972)(tenant brought a claim against the landlord for alleged violation of tenant's due process rights); Taylor v. Cisneros, 102 F.3d 1334 (3d Cir. 1996) (tenant brought a claim against the landlord for alleged violation of the double jeopardy, excessive fines, and due process Clauses.) Unlike these cases, this case involves a landlord, specifically the local housing authority, seeking to evict the tenant under New Jersey Law.

The two state cases the defendants cite in support of the proposition that "New Jersey Courts have recognized that eviction from a public housing project is a matter of federal law" do not stand for that broad proposition. First, both involved consideration of a federal statue, 42 U.S.C. § 1437(d), which requires public housing leases to include a provision stating drug-related activity in the rental unit would be cause for terminating the lease. No such clause is at issue here. Second, each case discusses only whether Section 1437(d) preempts the New Jersey Anti-Eviction statute. In Housing Authority of City of Jersey City v. Thomas, 318 N.J.Super. 191 (App. Div.1999), the public housing landlord argued that federal law mandates that a tenant is strictly liable for the actions of their guest. The Appellate Division rejected that claim and stated "we have no occasion to determine generally whether, or to what extent, the doctrine of federal preemption applies in cases involving federally funded housing developments." Thomas, 318 N.J.Super. at 195. As such, Thomas cannot be construed as standing for the proposition that eviction from public housing is a matter of federal law. In Housing Authority and Urban Redevelopment Agency of City of Atlantic City v. Spratley, 327 N.J.Super. 246 (App. Div. 1999), the Appellate Division held that federal law requiring accountability clauses in leases preempted the New Jersey Anti-Eviction Act to the extent that the Act prohibited such an accountability clause. Spratley, however, does not stand for the broad proposition that eviction from a public housing project is a matter of federal law. Therefore, neither state case supports defendants' invocation of removal jurisdiction.

The unpublished decision of Jersey City Housing Authority v. Jones, Civ. No. 00-6217, that plaintiff cites is also distinguishable from this case. Jones involved a violation of the Code of Federal Regulation and hence presented, and required resolution of, a federal question. The present case rests solely on the New Jersey Anti-Eviction Act and state common law and while there may be reference to federal law, no federal law will need to be decided or construed.

and for the reasons set forth herein;

an Order shall therefore issue remanding this case to the New Jersey Superior Court, Hudson County, Special Civil Part.

 s/Patty Shwartz<br>
UNITED STATES MAGISTRATE JUDGE

Date May 7, 2009